NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


H.R.N.,                                    )
                                           )
            Appellant,                     )
                                           )
v.                                         )        Case No. 2D15-5659
                                           )
S.D.L. and DEPARTMENT OF REVENUE,          )
                                           )
            Appellees.                     )
_____)

Opinion filed May 26, 2017.

Appeal from the Circuit Court for Polk
County; Catherine L. Combee, Judge.

Robin H. Stevenson, Bartow, for
Appellant.

Pamela Jo Bondi, Attorney General, and
Carrie R. McNair, Assistant Attorney
General, Tallahassee, for Appellees.


CASANUEVA, Judge.

          H.R.N., the father, appeals an order modifying the amount of child support

he is required to pay for his two children with S.D.L., the mother. H.R.N. and S.D.L.'s

first child, B.R.N., was born in 2011, and an order was entered that same year

establishing paternity and setting his monthly child support payments. Their second

child, A.E.N., was born in 2014, and an order establishing paternity for A.E.N. was

entered. This order also modified H.R.N.'s monthly child support obligation to include support for both children. We find no merit in H.R.N.'s argument that the trial court erred in calculating his monthly child support obligation.

However, the Department of Revenue correctly concedes that the trial court erred in determining the amount of retroactive child support due. The trial court began calculating retroactive child support beginning on January 13, 2014, the younger child's date of birth. In doing so, it used a monthly support amount of $776, which includes $170 per week in child care expenses. At the hearing, which occurred on October 28, 2015, S.D.L. testified that she had been paying $170 a week in child care expenses for three months. Therefore, the trial court should have included the $170 weekly child care expense starting at the end of July 2015. Accordingly, it was error to require H.R.N. to pay $170 per week for child care expenses from January 13, 2014, to July 2015. We therefore reverse and remand this case for the trial court to recalculate the amount of retroactive child support due.

Affirmed in part; reversed and remanded in part.

WALLACE and KHOUZAM, JJ., Concur.